UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ARTURO SAUCEDA, and MICHAEL SIZEMORE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | NO. _____<br><br>**CLASS ACTION COMPLAINT** |

Arturo Sauceda and Michael Sizemore ("Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned attorneys, against Amazon.com, Inc., ("Amazon"), allege the following based upon personal knowledge as to themselves and their own actions, and as to all other matters allege upon information and belief and investigation of their counsel, as follows:

## I. NATURE OF THE ACTION

1. This is a consumer class action brought individually by Plaintiffs and on behalf of all persons in the below-defined proposed Classes, all of whom purchased one or more spices manufactured and sold by Amazon under its trade name of "Happy Belly" (the "Spices").[1]

---

[1] The purchased Spices currently include but are not limited to ground thyme. Plaintiffs reserve the right to expand this list during the litigation.

CLASS ACTION COMPLAINT - 1
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.       Amazon began as an online bookseller in 1994 and has since expanded into a multinational technology company focused on ecommerce, digital streaming, cloud computing, and artificial intelligence. Amazon launched "Happy Belly" brand on the site, www.amazon.com, in 2016, first selling pre-packaged snacks and then expanding to other grocery items such as spices.[2] In 2021, Amazon stock reached a market valuation of $1.7 trillion.[3]

3.       Amazon does not list heavy metals as an ingredient on the Spices' label and does not warn of the potential presence of heavy metals in its Spices.

4.       Unbeknown to Plaintiffs and the proposed Class Members, and contrary to the representations on the Spices' labels, the Spices contain heavy metals, including arsenic, cadmium, and lead at levels above what is considered safe for children and adults. If Amazon disclosed this information prior to purchase, Plaintiffs and proposed Class Members would not have purchased or consumed the Spices.

5.       The labels on the Spices are deceptive and misleading.

6.       Plaintiffs and the proposed Class Members bring claims for consumer fraud and seek damages, injunctive and declaratory relief, interest, costs, and attorneys' fees.

## II.      JURISDICTION AND VENUE

7.       This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action wherein the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, there are more than 100 members in the proposed class, and at least one member of the class is a citizen of a state different from Amazon.

8.       This Court has personal jurisdiction over Amazon because Amazon's principal

---

[2] https://www.bakeryandsnacks.com/Article/2016/08/15/Amazon-launches-exclusive-Happy-Belly-nuts-and-trail-mix-range.

[3] https://www.yahoo.com/video/jeff-bezos-stepped-down-amazon-203700565.html#:~:text=Today%2C%20the%20company%20holds%20a,10.3%25%20stake%20in%20the%20company.

CLASS ACTION COMPLAINT - 2
CASE NO.:

1 place of business is located in the State of Washington.

2       9.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred in, were directed to, and/or emanated from this District. Amazon resides within this judicial district and a substantial part of the events giving rise to the claims alleged herein occurred within this judicial district.

### III.    PARTIES

10.     Plaintiff Arturo Sauceda is a resident and citizen of the State of California, residing in Delano, California and is a member of the proposed Classes. He purchased the Happy Belly Ground Thyme in California from Amazon multiple times since 2017 and most recently in February 2022.

11.     Plaintiff Michael Sizemore is a resident and citizen of the State of California, residing in Shingle Springs, California and is a member of the proposed Classes. He purchased the Happy Belly Ground Thyme in California from Amazon in September 2021.

12.     Defendant Amazon is a Washington corporation with its principal place of business at 410 Terry Ave. N., Seattle, WA 98109. Amazon is a citizen of the State of Washington.

### IV.    FACTUAL ALLEGATIONS

13.     Amazon manufactures, distributes, promotes, offers for sale, and sells the Spices, both in the past and currently. Amazon has advertised and continues to advertise the Spices through product packaging, Internet advertisements, and other promotional materials.

14.     An investigation by known consumer-advocacy group Consumer Reports revealed that Spices manufactured by Amazon contain "potentially dangerous heavy metals:"[4]

> Roughly one-third of the tested products, 40 in total, had high enough levels of arsenic, lead, and cadmium combined, on average, to pose a health concern for children when regularly

---

[4] https://www.consumerreports.org/food-safety/your-herbs-and-spices-might-contain-arsenic-cadmium-and-lead/#tests (last accessed March 22, 2022).

CLASS ACTION COMPLAINT - 3
CASE NO.:

consumed in typical serving sizes. Most raised concern for adults, too.[5]

15. Exposure to heavy metals causes permanent decreases in IQ, diminished future economic productivity, and increased risk of future criminal and antisocial behavior in children. Toxic heavy metals endanger infant neurological development and long-term brain function. Lead and arsenic are heavy metals known to cause a wide spectrum of adverse outcomes in pregnancy such as abortions, retarded growth at the intrauterine cavity, skeletal deformities, malformations and retarded development, especially of the nervous system.[6]

16. Young children are particularly vulnerable to lead because the physical and behavioral effects of lead occur at lower exposure levels in children than in adults. A dose of lead that would have little effect on an adult can have a significant effect on a child. In children, low levels of exposure have been linked to damage to the central and peripheral nervous system, learning disabilities, shorter stature, impaired hearing, and impaired formation and function of blood cells.[7]

17. EPA has set the maximum contaminant level goal for lead in drinking water at zero because lead is a toxic metal that can be harmful to human health even at low exposure levels. Lead is persistent, and it can bioaccumulate in the body over time.[8]

18. The Agency for Toxic Substances and Disease Registry states that there may be no threshold for lead with regards to developmental impact on children. "In other words there are no safe limits for [lead]."[9]

V.   FED. R. CIV. P. 9(b) ALLEGATIONS

19. Rule 9(b) of the Federal Rules of Civil Procedure provided that "[i]n alleging

---

[5] *Id.*
[6] *Id.*
[7] *See* https://www.cdc.gov/nceh/lead/prevention/pregnant.htm (last accessed March 22, 2022).
[8] *See* https://www.epa.gov/ground-water-and-drinking-water/basic-information-about-lead-drinking-water (last accessed March 22, 2022).
[9] G. Schwalfenberg, I. Rodushkinb, S.J. Genuis, "Heavy metal contamination of prenatal vitamins," Toxicology Reports 5 at 392 (2018).

CLASS ACTION COMPLAINT - 4
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiffs have satisfied the requirements of Rule 9(b) by pleading the following elements with sufficient particularity.

20.     **WHO:** Amazon made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting the Spices' composition and/or omitting to disclose the presence of heavy metals.

21.     **WHAT:** Amazon's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Spices do not contain heavy metals. Amazon omitted disclosing to Plaintiffs and Class Members that the Spices contain heavy metals. Amazon knew or should have known this information is material to reasonable consumers and impacts consumers' purchasing decisions. Yet Amazon has represented and continues to represent that the Spices do not contain heavy metals when they do contain heavy metals, and has omitted from the Spices' labeling the fact that they contain heavy metals.

22.     **WHEN:** Amazon made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

23.     **WHERE:** Amazon's material misrepresentations and omissions were made on the front labeling and packaging of the Spices and throughout Amazon's advertising. Amazon's representations and omissions were viewed by every purchaser, including the Plaintiffs, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and through the online store nationwide.

24.     **HOW:** Amazon omitted from the Spices' labeling the fact that they contain heavy metals. Plaintiffs and Class Members read and relied on Amazon's front-label representations and omissions before purchasing the Spices.

25.     **WHY:** Amazon misrepresented the composition of its Spices and omitted from

CLASS ACTION COMPLAINT - 5
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the Spices' labeling that they contain heavy metals for the express purpose of inducing Plaintiffs and Class Members to purchase the Spices at a substantial price premium. Amazon profited by selling the Spices to at least thousands of consumers throughout the nation.

## VI.   CLASS ACTION ALLEGATIONS

26. Plaintiffs brings this action individually and on behalf of all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23. The class definition(s) may depend on the information obtained throughout discovery. At this time, Plaintiffs seeks certification of the following proposed Class:  All persons within the United States who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification (the "National Class" or the "Class").

27. Plaintiffs also seeks certification of the following subclass (the "California Sub-Class"): All persons in the State of California who purchased and consumed the Spices from the beginning of any applicable limitations period through the date of class certification.

28. Excluded from the proposed Classes are Amazon, and any entities in which Amazon has controlling interest, Amazon's agents, employees, and its legal representatives, any Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and Plaintiffs' counsel, their staff members, and their immediate family.

29. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

30. **Numerosity – Federal Rule of Civil Procedure 23(a)(1).** The members of the Classes are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Classes number in the thousands to tens of thousands. The number of members in the Classes is presently unknown to Plaintiffs but may be verified by Amazon's  records. Members of the Classes may be notified of the pendency of this action by mail, email, Internet postings, and/or publication.

CLASS ACTION COMPLAINT - 6
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

31. **Commonality and Predominance – Federal Rule of Civil Procedure 23(a)(2) and 23(b)(3).** Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual members of the Classes. Such common questions of law or fact include, but are not limited to, the following:

    a.    Whether the Spices contain dangerous levels of heavy metals;

    b.    Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Spices are unfair or deceptive;

    c.    Whether Amazon's actions violate California's Unfair Competition Law;

    d.    Whether Amazon's actions violate California's False Advertising Law;

    e.    Whether Amazon's actions violation the California's Consumer Legal Remedies Act;

    f.    Whether Amazon's act or practices violate the Washington Consumer Protection Act;

    g.    Whether Amazon's actions constitute common law fraud;

    h.    Whether Plaintiffs and Class Members were damaged by Amazon's conduct;

    i.    Whether Amazon was unjustly enriched at the expense of Plaintiffs and Class Members; and

    j.    Whether Plaintiffs and Class Members are entitled to injunctive relief.

32. **Typicality – Federal Rule of Civil Procedure 23(a)(3).** The claims of the named Plaintiffs are typical of the claims of other Class Members. All Class Members were similarly injured by Amazon's conduct described above, and there are no defenses available to Amazon that are unique to Plaintiffs.

33. **Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).** Plaintiffs are adequate Class representatives because their interests do not conflict with the interests of other Class Members and they are willing and able to represent the interests of other Class Members. Plaintiffs have retained counsel experienced in prosecuting class actions and financially able to represent the Classes.

CLASS ACTION COMPLAINT - 7
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

34. **Declaratory and Injunctive Relief – Federal Rule of Civil Procedure 23(b)(2).** Amazon has acted or refused to act on grounds generally applicable to Plaintiffs and the other Class Members, making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Classes as a whole. Plaintiffs seek to enjoin Amazon from selling or otherwise distributing the Spices until Amazon can demonstrate to the Court's satisfaction that the Spices are accurately labeled.

35. **Superiority – Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other means of adjudication for this controversy. It would be impracticable for Class Members to individually litigate their own claims against Amazon because their damages are relatively small compared to the cost of individually litigating their claims. Individual litigation would create the potential for inconsistent judgments and delay and expenses to the court system. A class action provides an efficient means for adjudication with fewer management difficulties and comprehensive supervision by a single court.

## VII.     FIRST CLAIM FOR RELIEF
**Unjust Enrichment**
**(On Behalf of the National Class)**

36. Plaintiffs, individually and on behalf of the National Class, repeat and reallege all previously alleged paragraphs, as if fully alleged herein.

37. Plaintiffs and Class Members conferred a benefit on Amazon when they purchased the Spices, of which Amazon had knowledge. By its wrongful acts and omissions described herein, including selling the Spices, which containing heavy metals at levels above what is considered safe for children and adults, Amazon was unjustly enriched at the expense of Plaintiffs and Class Members. Plaintiffs and Class Members' detriment and Amazon's enrichment were related to and flowed from the wrongful conduct challenged in this Complaint.

38. Amazon has profited from its unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiffs and Class Members and the circumstances make it unjust

CLASS ACTION COMPLAINT - 8
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

for Amazon to retain the benefit. It would be inequitable for Amazon to retain the profits, benefits, and other compensation obtained from its wrongful conduct in connection with selling the Spices.

39. Amazon has been unjustly enriched in retaining the revenues derived from Class Members' purchases of the Spices. Amazon's retention of the revenues under these circumstances is unjust and inequitable because Amazon misrepresented the nature and composition of the Spices, and knowingly marketed and promoted dangerous and defective Spices, which caused injuries to Plaintiffs and Class Members because they would not have purchased the Spices if they had known the true facts about the Spices.

40. Plaintiffs and Class Members have been damaged as a direct and proximate result of Amazon's unjust enrichment because they would not have purchased the Spices on the same terms or for the same price had they known the true nature of the Spices.

41. Plaintiffs and Class Members are entitled to recover from Amazon all amounts Amazon wrongfully collected and improperly retained.

42. Plaintiffs and Class Members are in privity with Amazon because they purchased the Spices either directly from Amazon's website or through Amazon's authorized sellers. Purchasing through authorized sellers is sufficient to establish privity because Amazon's authorized sellers are Amazon's agents for the purpose of the sale of the Spices.

43. As a direct and proximate result of Amazon's wrongful conduct and unjust enrichment, Plaintiffs and Class Members are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Amazon for its inequitable and unlawful conduct.

### VIII.   SECOND CLAIM FOR RELIEF
**Fraud**
**(On Behalf of the National Class)**

44. Plaintiffs, individually and on behalf of the National Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

CLASS ACTION COMPLAINT - 9
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

45. Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." To the extent necessary, as detailed in the paragraphs above and below, Plaintiffs have satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

- **WHO:** Amazon made material misrepresentations and/or omissions of fact in its labeling and marketing of the Spices by misrepresenting the Spices' composition and/or omitting to disclose the presence of heavy metals.

- **WHAT:** Amazon's conduct was and continues to be fraudulent because it has the effect of deceiving consumers into believing the Spices do not contain heavy metals. Amazon omitted disclosing to Plaintiffs and Class Members that the Spices contain heavy metals. Amazon knew or should have known this information is material to reasonable consumers and impacts consumers' purchasing decisions. Yet Amazon has represented and continues to represent that the Spices do not contain heavy metals when they do contain heavy metals and has omitted from the Spices' labeling that they contain heavy metals.

- **WHEN:** Amazon made material misrepresentations and/or omissions detailed herein, including that the Spices do not contain heavy metals, continuously throughout the applicable Class period(s).

- **WHERE:** Amazon's material misrepresentations and omissions were made on the front labeling and packaging of the Spices and throughout Amazon's advertising. Amazon's representations and omissions were viewed by every purchaser, including Plaintiffs, at the point of sale in every transaction. The Spices are sold worldwide in brick-and-mortar stores and through the online store nationwide.

- **HOW:** Amazon omitted from the Spices' labeling the fact that they contain heavy metals. Plaintiffs and Class Members read and relied on Amazon's front-label representations and omissions before purchasing the Spices.

CLASS ACTION COMPLAINT - 10
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

- **WHY:** Amazon misrepresented the composition of its Spices by omitted from the Spices' labeling that they contain heavy metals for the express purpose of inducing Plaintiffs and Class Members to purchase the Spices at a substantial price premium. Amazon profited by selling the Spices to at least thousands of consumers throughout the nation.

46. As alleged herein, Amazon made these material representations and omissions to induce Plaintiffs and Class Members to purchase the Spices.

47. Amazon knew the misrepresentations and omissions were false and misleading but nevertheless made the representations and omissions in its marketing and advertising of the Spices and on the Spices' labeling. In reliance on these representations and omissions, Plaintiffs and Class Members were induced to, and did, pay money to purchase the Spices.

48. Had Plaintiffs and the Class known the truth about the Spices, they would not have purchased the Spices.

49. As a proximate result of Amazon's fraudulent conduct, Plaintiffs and Class Members paid money to Amazon, through its regular retail sales channels, and have been damaged in an amount to be proven at trial.

### IX.    THIRD CLAIM FOR RELIEF
**Violation of California Business & Professions Code §§ 17200 *et seq.* –
Unlawful Conduct Prong of the UCL
(On Behalf of the California Sub-Class)**

50. Plaintiffs, individually and on behalf of the California Sub-Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

51. California Business & Professions Code section 17200 (the "UCL") prohibits any "unlawful, unfair or fraudulent business act or practice."

52. Amazon's representations and omissions are "unlawful" because they violate the Federal Food, Drug, and Cosmetic Act ("FFDCA") and its implementing regulations, including:

   a.    21 U.S.C. § 343, which deems food misbranded when the label

CLASS ACTION COMPLAINT - 11
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

        contains a statement that is "false or misleading in any particular," defining "misleading" a to "take[] into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material in the light of such representations";

    b.    21 U.S.C. § 321(n), which states the nature of a false and misleading advertisement;

    c.    21 C.F.R. § 101.18(b), which prohibits true statements about food ingredients and descriptions that are misleading in light of the presence of other ingredients; and

    d.    21 C.F.R. § 102.5 which prohibits misleading common or usual names.

53. Amazon's conduct is "unlawful" because it violates the California False Advertising Law ("FAL") and the Consumer Legal Remedies Act ("CLRA").

54. Amazon's conduct is unlawful because it violates the California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Saf. Code section 109875, et seq. ("Sherman Law"), including:

    a.    Section 110100 (adopting all FDA regulations as state regulations);

    b.    Section 110290 ("In determining whether the labeling or advertisement of a food … is misleading, all representations made or suggested by statement, word, design, device, sound, or any combination of these, shall be taken into account.  The extent that the labeling or advertising fails to reveal facts concerning the food … or consequences of customary use of the food … shall also be considered.");

    c.    Section 110390 ("It is unlawful for any person to disseminate any false advertisement of any food…. An advertisement is false if it is false or

CLASS ACTION COMPLAINT - 12
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

          misleading in any particular.");

    d.    Section 110395 ("It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any food … that is falsely advertised.");

    e.    Section 110398 ("It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.");

    f.    Section 110400 ("It is unlawful for any person to receive in commerce any food … that is falsely advertised or to deliver or proffer for delivery any such food…."); and

    g.    Section 110660 ("Any food is misbranded if its labeling is false or misleading in any particular.").

55. Each of the challenged statements made and actions taken by Amazon violates the FFDCA, CLRA, FAL, and Sherman Law, and therefore violates the "unlawful" prong of the UCL.

56. Amazon leveraged its deception to induce Plaintiffs and Sub-Class Members to purchase a product that was of lesser value and quality than advertised.

57. Amazon's deceptive advertising caused Plaintiffs and Sub-Class Members to suffer injury-in-fact and to lose money or property, denying them the benefit of the bargain when they decided to purchase the Spices instead of other spices that are less expensive, and contain no heavy metals.

58. Had Plaintiffs and Sub-Class Members been aware of Amazon's false and misleading advertising, they would not have purchased the Spices at all, or would have paid less than they did.

59. In accordance with California Business & Professions Code section 17203, Plaintiffs seek an order enjoining Amazon from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

CLASS ACTION COMPLAINT - 13
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

60. Plaintiffs also seeks an order for the disgorgement and restitution of all monies from the sale of the Spices that was unjustly acquired through such acts.

## X. FOURTH CLAIM FOR RELIEF
**Violation of California Business & Professions Code §§ 17200, *et seq*. –
Unfair and Fraudulent Conduct Prong of the UCL
(On Behalf of the California Sub-Class)**

61. Plaintiffs, individually and on behalf of the California Sub-Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

62. California Business & Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

63. Amazon's false and misleading representations and omissions are "unfair" business acts and practices because they are immoral, unscrupulous, and offend public policy.

64. The gravity of the conduct outweighs any conceivable benefit.

65. Amazon's representations and omissions constitute "fraudulent" business acts and practices because they are false and misleading to Plaintiffs and Sub-Class Members.

66. Amazon's representations and marketing of the Spices is likely to deceive consumers about the presence of heavy metals in the Spices.

67. Amazon knew or reasonably should have known that its claims and statements about the Spices were likely to deceive consumers.

68. In accordance with California Business & Professions Code section 17203, Plaintiffs seeks an order enjoining Amazon from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and to commence a corrective advertising campaign.

69. Plaintiffs seeks an order for the disgorgement and restitution of all monies from the sale of the Spices that was unjustly acquired through acts of unlawful, unfair and/or fraudulent competition.

CLASS ACTION COMPLAINT - 14
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## XI. FIFTH CLAIM FOR RELIEF
**Violation of California Business & Professions Code §§ 17500, *et seq.* –
False and Misleading Advertising
(On Behalf of the California Sub-Class)**

70. Plaintiffs, individually and on behalf of the California Sub-Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

71. California False Advertising Law (Cal. Business & Professions Code sections 17500 and 17508) prohibits "mak[ing] any false or misleading advertising claim."

72. Amazon makes "false [and] misleading advertising claim[s]," by deceiving consumers as to the inclusion of heavy metals in its Spices.

73. In reliance on these false and misleading advertising claims, Plaintiffs and Sub-Class Members purchased and consumed the Spices without knowing the Spices contained heavy metals.

74. Amazon knew or should have known that its representations and marketing were likely to deceive consumers.

75. As a result, Plaintiffs and Sub-Class Members are entitled to injunctive and equitable relief, restitution, and an seek an order for the disgorgement of the funds by which Amazon was unjustly enriched.

## XII. SIXTH CLAIM FOR RELIEF
**Violation of California Civil Code §§ 1750, *et seq.* – Consumers Legal Remedies Act
(On Behalf of the California Sub-Class)**

76. Plaintiffs individually and on behalf of the California Sub-Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

77. The CLRA adopts a statutory scheme prohibiting deceptive practices in connection with the conduct of a business providing goods, property, or services primarily for personal, family, or household purposes.

78. Amazon's policies, acts, and practices were designed to, and did, result in Plaintiffs' and Sub-Class Members' purchase and use of the Spices primarily for personal,

CLASS ACTION COMPLAINT - 15
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

family, or household purposes, and violated and continue to violate the following sections of the CLRA:

    a. Section 1770(a)(2), which prohibits representing that goods have a particular composition or contents that they do not have;

    b. Section 1770(a)(5), which prohibits representing that goods have characteristics, uses, benefits or ingredients that they do not have;

    c. Section 1770(a)(7), which prohibits representing that goods are of a particular standard, quality, or grade if they are of another;

    d. Section 1770(a)(9), which prohibits advertising goods with intent not to sell them as advertised; and

    e. Section 1770(a)(16), which prohibits representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

79. Plaintiffs request that this Court enjoin Amazon from continuing to employ the unlawful methods, acts and practices alleged herein under Cal. Civ. Code § 1780.

80. If Amazon is not restrained from engaging in these types of practices in the future, Plaintiffs and Sub-Class Members will continue to suffer harm.

81. Concurrently with the filing of this Complaint, Plaintiffs will send a Consumer Legal Remedies Notice via certified mail, return receipt requested, pursuant to Cal. Civ. Code § 1782, to Amazon's (1) registered agents within the state of California; (2) principal place of business; and (3) headquarters.

82. The CLRA Notices will provide Amazon notice of the misconduct and request that Amazon cure its misconduct pursuant to Cal. Civ. Code. § 1782 within 30 days.

83. If Amazon does not respond or otherwise correct its misconduct within 30 days, Plaintiffs will amend this Complaint to include a claim for monetary damages and attorneys' fees under the CLRA.

84. At this time, Plaintiffs seek injunctive relief and restitution for Amazon's

CLASS ACTION COMPLAINT - 16
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

violation of the CLRA.

## XIII. SEVENTH CLAIM FOR RELIEF

**Violation of the Washington Consumer Protection Act (RCW 19.86.010 et seq.)**
**(On Behalf of Plaintiffs and the Nationwide Class)**

85. Plaintiffs, individually and on behalf of Nationwide Class, repeat and re-allege all previously alleged paragraphs, as if fully alleged herein.

86. The Washington Consumer Protection Act, RCW 19.86.020, (the "CPA") prohibits any "unfair or deceptive acts or practices" in the conduct of any trade or commerce as those terms are described by the CPA and relevant case law.

87. Amazon is a "person" as described in RWC 19.86.010(1).

88. Amazon engaged in unfair or deceptive acts or practices by marketing and selling the Spices without disclosing that they contain heavy metals, including arsenic, cadmium, and lead, at levels above what is considered safe for children and adults. Amazon's acts or practices offend public policy established by statutes and regulations, including the FFDCA, the Sherman Law, and their implementing regulations. Amazon's acts or practices caused substantial financial injury to Plaintiffs and Class Members, are not outweighed by any countervailing benefits to consumers or competitors, and are not reasonably avoided by consumers.

89. Amazon's acts or practices occurred in trade or commerce within the meaning of the CPA, RCW 19.86.010(2) and RCW 19.86.020.

90. Amazon's unfair or deceptive acts or practices impact the public interest because they injured Plaintiffs and Class Members and have the capacity to injure other persons.

91. Plaintiffs' and Class Member's injuries were caused by Amazon's unfair or deceptive acts or practices.

CLASS ACTION COMPLAINT - 17
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

92. Plaintiffs and Class Members are therefore entitled to legal relief against Amazon, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and any further relief the Court deems proper.

93. Plaintiffs and Class Members are also entitled to injunctive relief in the form of an order prohibiting Amazon from continuing to engage in the alleged unfair or deceptive practices and any other equitable relief the Court deems appropriate.

### XIV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and other Class and Sub-Class Members, pray for judgment and relief on all of the legal claims as follows:

A. Certification of the Class and Sub-Class, appointing Plaintiffs as representatives of the Class and Sub-Class and Plaintiffs' counsel as counsel for the Class and Sub-Class;

B. A declaration that Amazon has committed the violations alleged herein;

C. For restitution and disgorgement pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and Cal Civ. Code § 1780, except no monetary damages under the CLRA;

D. For declaratory and injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq*. and 17500, *et seq.*;

E. For damages, declaratory and injunctive relief pursuant to California Civil Code § 1780;

F. An award of compensatory damages, the amount of which is to be determined at trial, except no monetary damages under the CLRA;

G. For punitive damages, except no monetary under the CLRA;

H. For actual damages and treble damages, declaratory and injunctive relief under the Washington State Consumer Protection Act (RCW 19.86.010 *et seq*.);

I. For interest at the legal rate on the foregoing sums;

J. For attorneys' fees;

CLASS ACTION COMPLAINT - 18
CASE NO.:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

K. For costs of suit incurred; and

L. For such further relief as this Court may deem just and proper.

### XV. DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of all issues properly triable to a jury in this case.

RESPECTFULLY SUBMITTED AND DATED this 22nd day of March, 2022.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Beth E. Terrell, WSBA #26759
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Kevin Laukaitis, *Pro Hac Vice Forthcoming*
Email: klaukaitis@shublawyers.com
Jonathan Shub, *Pro Hac Vice Forthcoming*
Email: jshub@shublawyers.com
SHUB LAW FIRM LLC
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Tel: (856) 772-7200
Fax: (856) 210-9088

Gary E. Mason, *Pro Hac Vice Forthcoming*
Email: gmason@masonllp.com
MASON LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Tel: 202-640-1168
Fax: 202-429-2294

CLASS ACTION COMPLAINT - 19
CASE NO.:

L. Timothy Fisher, *Pro Hac Vice Forthcoming*
Email: ltfisher@bursor.com
Sean L. Litteral, *Pro Hac Vice Forthcoming*
Email: slliteral@bursor.com
BURSOR & FISHER, P.A.
1990 North California Blvd, Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
Fax: (925) 407-2700

Lori G. Feldman, WSBA #29096
Email: lfeldman@4-justice.com
GEORGE GESTEN MCDONALD, PLLC
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Tel: (833) 346-3587

Janine L. Pollack, *Pro Hac Vice Forthcoming*
Email: jpollack@calcaterrapollack.com
CALCATTERA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Tel: (212) 899-1765
Fax: (332) 206-2073

*Attorneys for the Plaintiffs and the Proposed Classes*

CLASS ACTION COMPLAINT - 20
CASE NO.: